NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-1390, -1391

BOARD OF TRUSTEES OF BAY MEDICAL CENTER,
BAPTIST HOSPITAL, INC., and
THE HEALTHCARE AUTHORITY OF THE CITY OF HUNTSVILLE,

Plaintiffs-Appellees,

v.

HUMANA MILITARY HEALTHCARE SERVICES, INC.,

Defendant-Appellant,

v.

OFFICE OF CIVILIAN HEALTH AND
MEDICAL PROGRAM OF THE UNIFORMED SERVICES,
TRICARE MANAGEMENT ACTIVITY, DEPARTMENT OF DEFENSE, and
DONALD H. RUMSFELD, Secretary of Defense,

Defendants-Appellees.

———————————————

DECIDED: January 28, 2005

———————————————

Before LOURIE, CLEVENGER, and PROST, <u>Circuit Judges</u>.

CLEVENGER, <u>Circuit Judge</u>.

Humana Military Healthcare Services, Inc. ("Humana") appeals the judgment of

the District Court for the Northern District of Florida denying its motion for

reconsideration and its motion to dismiss or transfer the case to the Court of Federal

Claims. <u>Bd. of Trustees of Bay Med. Ctr. v. Humana</u>, No. 5:03-CV-144, 2004 U.S. Dist.

LEXIS 22147 (N.D. Fla. Mar. 16, 2004). Because the district court abused its discretion

by dismissing Humana's motion for reconsideration as moot, we remand so the district court can address the merits of the motion.

I

This case relates to administrator-provider contracts for medical services under the Department of Defense ("DOD") Civilian Health and Medical Program of the Uniformed Services ("CHAMPUS"). The program is administered through TRICARE Management Activity ("TMA") (previously Office of CHAMPUS). Humana contracted with the DOD to provide managed care support services under the Prime Contract. Humana then subcontracted with hospitals and physicians to provide the care required under the Prime Contract for CHAMPUS beneficiaries. The plaintiff hospitals in suit are medical service providers that contracted with Humana to provide healthcare services in a particular southeastern geographical area. Under their contract with Humana, the hospitals seek reimbursement of amounts they believe are owed by Humana for services provided to CHAMPUS beneficiaries. Humana asserts that the real party in interest to the hospitals' claims is the government.

On June 3, 2003,[1] the hospitals filed suit in the Northern District of Florida seeking damages for breach of contract by Humana and a declaratory judgment against CHAMPUS, TMA, DOD and Donald Rumsfeld (collectively "government"). On August 25, 2003, the government filed a Rule 12(b)(1) motion to dismiss the declaratory judgment action. On the same day, Humana filed a Rule 12(b)(1) motion to dismiss the contract claims or alternatively to transfer the case to the Court of Federal Claims. On

---

[1] The district court order gives this date as June 6, 2003, but court records indicate the correct date is June 3, 2003.

04-1390, -1391                2

March 16, 2004, the district court granted the government's motion based on the hospitals' lack of standing to sue the government on the contract claims and denied Humana's motion because the district court determined it had subject matter jurisdiction over the breach of contract claims.

On March 30, 2003, Humana filed a motion for reconsideration in the district court. Humana did not label this motion as a Rule 59(e) Motion to Alter or Amend Judgment under the Federal Rules of Civil Procedure. Before the district court ruled on the merits of the motion for reconsideration, Humana filed a notice of appeal from the jurisdiction decision on April 15, 2004. The district court denied the motion for reconsideration as moot on April 19, 2004, because the court determined that the April 15 notice of appeal divested the court of jurisdiction. On April 22, 2004, Humana filed a second notice of appeal incorporating both the denial of the motion to dismiss or transfer and the denial of the motion for reconsideration. Humana requests that this court remand the case to the district court for review of the merits of the motion for reconsideration. In the alternative, Humana requests transfer of the case to the Court of Federal Claims. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1292(d)(4)(A) (2000).

II

This court reviews legal questions without deference. Consol. Edison Co. v. Dept. of Energy, 247 F.3d 1378, 1382 (Fed. Cir. 2001). Questions concerning jurisdiction and transfer to the Court of Federal Claims are reviewed de novo. United States v. County of Cook, 170 F.3d 1084, 1087 (Fed. Cir. 1999). A denial of a motion for reconsideration by a district court is reviewed under the standard of review used by

04-1390, -1391                                     3

the governing regional circuit.  <u>Minton v. NASD, Inc.</u>, 336 F.3d 1373, 1378-79 (Fed. Cir. 2003).  The Eleventh Circuit, the regional circuit that governs the Northern District of Florida, would review the denial of a motion for reconsideration under an abuse of discretion standard.  <u>Cliff v. Payco Gen. Am. Credits, Inc.</u>, 363 F.3d 1113, 1121 (11th Cir. 2004).

III

Humana asserts that the dismissal of the motion for reconsideration by the district court was an abuse of discretion.  Humana argues that the district court procedurally erred when it deemed the motion for reconsideration moot in light of the subsequently filed notice of appeal.  Because, Humana argues, the motion for reconsideration was a motion to alter or amend a judgment under Rule 59(e), Humana contends that the district court erred in finding the notice of appeal had divested the court of jurisdiction because the court failed to consider Federal Rule of Appellate Procedure 4(a)(4).  Humana argues that the district court, under Rule 4(a)(4)(B), should have held the notice of appeal in abeyance until after the court had ruled upon the motion for reconsideration.

Under the Federal Rules of Appellate Procedure, a motion timely filed under Fed. R. Civ. P. 59(e) affects a notice of appeal.  The relevant Federal Rule of Appellate Procedure states:

> Rule 4(a)(4)  Effect of a Motion on a Notice of Appeal.
>     (A)  If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion . . .
>         (iv)  to alter or amend the judgment under rule 59 . . . .

(B)

> (i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4).

In the Eleventh Circuit, Rule 59(e) governs timely motions that seek to alter or amend substantive aspects of judgments. See Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994). The parties do not dispute that the motion for reconsideration was a Rule 59(e) motion to alter or amend the judgment. The motion was properly filed ten working days after the March 16 order. Therefore Humana timely filed a motion listed in Fed. R. App. P. 4(a)(4)(A) which tolls the time to file an appeal until the entry of the order disposing of the Rule 59 motion. Under Fed. R. App. P. 4(a)(4)(B)(i), the notice of appeal does not become effective until the order disposing of the motion for reconsideration is entered.

In this case, the district court dismissed the motion for reconsideration as moot because the court mistakenly found the notice of appeal divested the court of jurisdiction. Under Fed. R. App. P. 4(a)(4)(B)(i), the notice of appeal was not effective until the district court had disposed of the motion for reconsideration on the merits. Therefore it was an abuse of discretion for the judge to dismiss the motion for reconsideration as moot on jurisdictional grounds because the court retained jurisdiction until the merits of the motion were passed upon.

IV

Because of the foregoing, we find the district court erred in determining that the motion for reconsideration was moot and accordingly remand for a determination of the motion on the merits. We do not review the denial of the motion to dismiss or transfer to the Court of Federal Claims.