# United States Court of Appeals for the Federal Circuit

2009-5045

HILDA M. GRIFFIN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Robert E. Rigrish, Bodker, Ramsey, Andrews, Winograd & Wildstein, P.C., of Atlanta, Georgia, argued for plaintiff-appellant.

Robert E. Chandler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for respondent-appellee. With him on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Francis M. Allegra.

# United States Court of Appeals for the Federal Circuit

2009-5045

HILDA M. GRIFFIN,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-CV-318, Judge Francis M. Allegra.

_____

DECIDED: December 28, 2009

_____

Before GAJARSA, PLAGER, and LINN, Circuit Judges.

LINN, Circuit Judge.

Hilda Griffin appeals the dismissal by the United States Court of Federal Claims of her claim against the United States under the Equal Pay Act, 29 U.S.C. § 206(d) ("EPA"), for lack of jurisdiction under 28 U.S.C. § 1500. Griffin v. United States, 85 Fed. Cl. 179 (2008). Because the Court of Federal Claims correctly held that it lacked jurisdiction because this same claim was "pending" in a district court at the time she filed this suit, we affirm.

BACKGROUND

Griffin worked as a civilian employee at the U.S. Army Reserve Command at Fort McPherson, Georgia. Id. at 182. After the Army granted a promotion to a male

colleague instead of Griffin, she sued the Secretary of the Army in the U.S. District Court for the Northern District of Georgia on February 4, 2005, alleging sex discrimination. Griffin pleaded four counts, including an EPA claim and a discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. The district court granted summary judgment for the Government on three counts, but identified a material factual dispute on her EPA claim. Griffin v. Harvey, No. 05-CV-355, slip op. at 41-42 (N.D. Ga. Dec. 14, 2006). The court found, however, that Griffin's claim sought more than $10,000 in damages from the Government,[1] id., which only the Court of Federal Claims has jurisdiction to award, Christopher Vill., L.P. v. United States, 360 F.3d 1319, 1332-33 (Fed. Cir. 2004). Therefore, the district court transferred Griffin's EPA claim to the Court of Federal Claims under 28 U.S.C. § 1631, which states that when there is "a want of jurisdiction," a federal court "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought . . . ." See also United States v. County of Cook, 170 F.3d 1084, 1089 (Fed. Cir. 1999) ("[Section] 1631 allows for the transfer of less than all of the claims in a civil action to the Court of Federal Claims.").

The district court issued its transfer order on January 5, 2007, and Griffin filed an amended "transfer complaint" in the Court of Federal Claims on June 19, 2007, according to Rule 3.1(a)(2) of the Rules of the United States Court of Federal Claims (2002). See Griffin, 85 Fed. Cl. at 183. Her transfer complaint re-pleaded her EPA

---

[1] "The amount in controversy for jurisdictional purposes must be ascertained by the requests in the pleadings without consideration of success on the merits . . . ." Zumerling v. Devine, 769 F.2d 745, 748 (Fed. Cir. 1985). In her district court complaint, Griffin did not allege a specific dollar amount, but she did not dispute the Government's contention that her EPA claim sought more than $10,000, nor waive recovery above that amount. See Griffin, No. 05-CV-355, slip op. at 41.

claim and added a new, second claim under the Fair Labor Standards Act, 29 U.S.C. § 215(a)(3). The Government then moved to dismiss the case for lack of jurisdiction. The Court of Federal Claims held that the Northern District of Georgia's grant of summary judgment against her retaliation claim (one of her four original claims) precluded her new Fair Labor Standards Act claim as res judicata. Id. at 186 n.4. Griffin does not appeal that result.

The Court then observed that under § 1631, Griffin's transferred EPA claim was filed by operation of law on February 4, 2005, at the same time she filed her district court complaint. See § 1631 (stating that the transferred claim "shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred"). In County of Cook, we explained that "on the date upon" in § 1631 means "simultaneously." 170 F.3d at 1090. Thus, the court receiving a transferred claim must treat the claim as if it were filed at the same moment the claim was filed originally in the first court.

Under 28 U.S.C. § 1500, a plaintiff cannot file a claim in the Court of Federal Claims if she "has pending" the same claim against the Government in district court, even if the district court claim has since been adjudicated. See Keene Corp. v. United States, 508 U.S. 200, 207-09 (1993). This court has held that "has pending" includes claims filed "simultaneously" under § 1631. County of Cook, 170 F.3d at 1090-91. Therefore, if a plaintiff files multiple related claims in district court, and the court transfers one of those claims to the Court of Federal Claims, the original claims are

"pending" at the time the transferred claim is considered filed, and § 1500 may deprive the Court of Federal Claims of jurisdiction over the transferred claim.

"For the Court of Federal Claims to be precluded from hearing a claim under § 1500, the claim pending in another court must arise from the same operative facts, and must seek the same relief." Loveladies Harbor, Inc. v. United States, 27 F.3d 1545, 1551 (Fed. Cir. 1994) (en banc). Here, the Court compared Griffin's transferred EPA claim to her district court Title VII claim and concluded that both claims arose from the same operative facts and sought the same relief. Griffin, 85 Fed. Cl. at 185-86. Therefore, the Court dismissed Griffin's remaining claim for lack of jurisdiction. Griffin appeals, and we have jurisdiction under 28 U.S.C. § 1295(a)(3) (2006).

## DISCUSSION

"We review de novo whether the Court of Federal Claims properly dismissed the case for lack of jurisdiction." Bianchi v. United States, 475 F.3d 1268, 1273 (Fed. Cir. 2007).

On appeal, Griffin contends that the EPA and Title VII claims are not "the same" for purposes of § 1500 because they did not state the same operative facts and seek the same relief, as Loveladies requires. Griffin first argues that the two claims are legally different and depend on different operative facts because Title VII requires proof of intentional discrimination, while the EPA does not. The Government correctly responds, however, that even if her claims' legal requirements differ, their operative facts are identical. Two claims may arise from the same facts "even if the operative facts support different legal theories which cannot all be brought in one court." Johns-Manville Corp. v. United States, 855 F.2d 1556, 1567 (Fed. Cir. 1988).

2009-5045                                        4

Griffin identifies no facts sufficient to distinguish her claims. Comparison of her amended district court complaint with her Federal Claims transfer complaint shows that the pleaded facts are mirrored. For example, her district court complaint alleged: "Review of Ms. Griffin's qualifications established that she was highly qualified for the position, but she was passed over and a younger, male applicant, William G. Veal, was selected for the position." Pl.'s Am. Compl. ¶ 10 (N.D. Ga.). Her transfer complaint similarly recited: "Review of Ms. Griffin's qualifications established that she was highly qualified for the position, but she was passed over and a male applicant, William G. Veal, was selected for the position." Pl.'s Transfer Am. Compl. ¶ 8 (Ct. Fed. Cl.). The other allegations of the complaints mirror each other. Griffin's injury for both claims stems from the same single event: the Army's promotion of a male candidate in her place.

According to Griffin, the fact that the district court granted summary judgment on her Title VII claim, but identified genuine issues of fact for trial in her EPA claim, demonstrates that the claims differ factually. Appellant's Br. 9. However, the district court dismissed her Title VII claim for an independent reason, namely, that Griffin failed to contact an Equal Employment Opportunity Counselor within forty-five days of the alleged discriminatory act as required. Griffin, No. 05-CV-355, slip op. at 8-9, 22. The dispositive issue, therefore, was administrative exhaustion, not a difference in the operative facts of her claims.

Moreover, Griffin's situation is indistinguishable from Harbuck v. United States, 378 F.3d 1324 (Fed. Cir. 2004), in which this court held that the plaintiff's Title VII and EPA claims arose from the same facts, and that § 1500 prevented jurisdiction. Like

Griffin, Harbuck was a female employee of the U.S. military who allegedly received less pay than male employees for performing the same work. Id. at 1326-27. Harbuck filed Title VII and EPA claims in district court alleging that the Air Force followed "a practice of favoring male employees over female employees for promotion" and requested "declaratory, injunctive and monetary relief." Id. at 1326. Harbuck then transferred her EPA claim to the Court of Federal Claims, where she "reiterated" her original allegations. Id. at 1327. Under § 1631, this claim was "deemed filed in the Court of Federal Claims on the same day on which she originally filed that claim." Id. at 1328. We held that "Harbuck's Federal Claims Equal Pay Act claim and her district court Title VII claim both arose out of the same operative facts: the Air Force's alleged sexual discrimination by payment of lesser compensation to women than to men for the same or substantially equal work." Id.; see also Moorehead v. United States, 81 Fed. Cl. 353, 356 (2008) (holding that EPA and Title VII claims based on sex discrimination stated the same operative facts).

Under our established law, Griffin's two claims also request the same relief. We do not look to what relief the plaintiff might or could receive, for "it is the relief that the plaintiff requests that is relevant under § 1500." Tohono O'odham Nation v. United States, 559 F.3d 1284, 1291 (Fed. Cir. 2009); see also Loveladies, 27 F.3d at 1552 (examining the "identity of relief requested").

For her district court Title VII claim, Griffin sought retroactive promotion; back pay from the date "she would have been promoted," with interest; attorneys' fees and costs; damages under 42 U.S.C. § 1981a for pain and suffering; and punitive damages. Pl.'s Am. Compl. 9-10 (N.D. Ga.). In her EPA claim, she requested retroactive promotion;

back pay for three years prior to her lawsuit, with interest; liquidated damages equal to back pay; and attorneys' fees and costs. Pl.'s Transfer Am. Compl. 6-7 (Ct. Fed. Cl.). Thus, in both claims, she sought retroactive promotion and back pay with interest. We have explained that "[a]n award of back wages for a particular time period under the Equal Pay Act is the same as—not 'different' or 'distinctly different' from—an award of back wages for that same time period under Title VII." Tohono, 27 F.3d at 1288 (explaining Harbuck, 378 F.3d at 1329). This court in Harbuck held that the fact that the complaints sought additional, nonoverlapping compensation is not controlling: "The inclusion of other and different requested relief in the two complaints does not avoid the application of [§ 1500]." 378 F.3d at 1329. Griffin concedes that "more artful pleading would have better served Plaintiff's interests." Appellant's Br. 10.

Because Griffin's claims arise from the same operative facts and seek the same relief, § 1500 applies and divests the Court of Federal Claims of jurisdiction over her EPA claim. Griffin suggests that County of Cook incorrectly decided that "simultaneously" filed claims under § 1631 are "pending" with respect to each other for purposes of § 1500. The correctness of that decision is not a matter properly before us, as we are bound to follow it unless and until it is overturned by the court sitting en banc. South Corp. v. United States, 690 F.2d 1368, 1370 n.2 (Fed. Cir. 1982). We therefore affirm the dismissal of Griffin's complaint for lack of jurisdiction.

AFFIRMED

COSTS

No costs.