# United States Court of Appeals
# for the Federal Circuit

---

**HILDA M. GRIFFIN,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2009-5045

---

Appeal from the United States Court of Federal Claims in 07-CV-318, Judge Francis M. Allegra.

---

ON PETITION FOR REHEARING EN BANC

---

Before RADER, *Chief Judge*, NEWMAN, PLAGER,[*] LOURIE, BRYSON, GAJARSA, LINN, DYK, PROST, and MOORE, *Circuit Judges*.

PER CURIAM.

PLAGER, *Circuit Judge*, with whom NEWMAN, *Circuit Judge*, joins, responding to the decision of the court to deny panel rehearing and rehearing en banc.

---

[*] Judge Plager participated only in the decision on the petition for panel rehearing.

GAJARSA and LINN, *Circuit Judges*, dissent, without opinion, from the denial of the petition for rehearing en banc.

---

ROBERT E. RIGRISH, Bodker, Ramsey, Andrews, Winograd & Wildstein, P.C., of Atlanta, Georgia, filed a petition for rehearing en banc for plaintiff-appellant.

KENNETH S. KESSLER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, filed a response to the petition for defendant-appellee. With him on the response were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and HAROLD D. LESTER, JR., Assistant Director.

---

## ORDER

A petition for rehearing en banc was filed by the Plaintiff-Appellant, and a response thereto was invited by the court and filed by the Defendant-Appellee. The petition for rehearing was referred to the panel that heard the appeal, and thereafter the petition for rehearing en banc and the response were referred to the circuit judges who are authorized to request a poll whether to rehear the appeal en banc. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The petition of Plaintiff-Appellant for panel rehearing is denied.

(2) The petition of Plaintiff-Appellant for rehearing en banc is denied.

(3)  The mandate of the court will issue on October 14, 2010.

FOR THE COURT

October 7, 2010                    /s/ Jan Horbaly
_____            _____

Date                                   Jan Horbaly
                                           Clerk


cc:  Robert E. Rigrish, Esq.
       Kenneth S. Kessler, Esq.

# United States Court of Appeals
## for the Federal Circuit

---

**HILDA M. GRIFFIN,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2009-5045

---

Appeal from the United States Court of Federal Claims in 07-CV-318, Judge Francis M. Allegra.

---

PLAGER, *Circuit Judge*, with whom NEWMAN, *Circuit Judge*, joins, responding to the decision of the court to deny panel rehearing and rehearing en banc.

1.

Sometimes counsel for a litigant, unfamiliar with the intricacies and complexities of federal jurisdiction, will file a complaint in district court with multiple counts, one or more of which properly belong in a different trial court, such as the United States Court of Federal Claims. Congress has provided in 28 U.S.C. § 1631 for such situations by authorizing the district court simply to transfer the misfiled count to the appropriate court; the receiving

court is to treat the count as if it had been filed there originally.[1] That was the situation in this case.

Unfortunately, in this case the receiving court, the Court of Federal Claims, confronted our jurisprudence on 28 U.S.C. § 1500. Section 1500 was enacted in 1868 to prevent litigants from suing the government in two different capacities in different courts for the same cause of action. In its current iteration, the statute bars the Court of Federal Claims from having jurisdiction over any claim "pending in any other court." Due to the evolving law of pleading and jurisdiction, including doctrines such as res judicata and collateral estoppel, § 1500 has long outlived its purpose, and has been described many times as now being little more than a "trap for the unwary."[2] In *United States v. County of Cook*,[3] this court interpreted § 1500 in a way that unnecessarily widened the trap. Ms. Griffin's case illustrates the nature of the trap, and presented us with an opportunity to correct the unjust error in our precedent that we created in *County of Cook*.

Ms. Griffin filed suit in federal district court against her employer, the U.S. Army Reserve Command, asserting separate claims under the Equal Pay Act ("EPA") and Title VII of the Civil Rights Act of 1964. The district

---

[1]   *See United States v. County of Cook*, 170 F.3d 1084, 1089 (Fed. Cir. 1999) (holding that "§ 1631 allows for the transfer of less than all of the claims in a civil action to the Court of Federal Claims").

[2]   *See, e.g.*, *d'Abreza v. United States*, 78 Fed. Cl. 51, 56 n.10 (2007); *Vaizburd v. United States*, 46 Fed. Cl. 309, 309-10 (2000). For a full discussion of § 1500, its history and some of the many cases addressing it, see *UNR Industries, Inc. v. Keene Corp.*, 911 F.2d 654, 659 (1990), *vacated en banc on other grounds*, 962 F.2d 1013 (Fed. Cir. 1992).

[3]   170 F.3d 1084 (Fed. Cir. 1999).

court granted summary judgment for the Government on the Title VII claim. On the EPA claim the district court identified a material factual dispute warranting trial. Because the EPA claim sought more than $10,000 in damages, depriving the district court of Tucker Act jurisdiction over the claim, the district court pursuant to § 1631 transferred that claim to the Court of Federal Claims where jurisdiction properly lay.

Under § 1631, the transferred EPA claim was deemed to have been filed in the Court of Federal Claims "on the date upon which it was actually filed" in the district court. In *County of Cook*, this court had held that "on the date upon" in § 1631 meant that the claims were filed "simultaneously," and, critically, that simultaneously-filed claims were as a matter of law "pending" with respect to each other for purposes of § 1500.[4] Thus the trial court in Ms. Griffin's case, concluding that her EPA and Title VII claims were the "same" for purposes of § 1500, applied the rule in *County of Cook* and dismissed the transferred EPA claim for lack of jurisdiction.

Ms. Griffin was deprived of a forum for her otherwise legitimate EPA claim against the government. Unbeknownst to Ms. Griffin, that claim was doomed from the moment it was mistakenly filed in district court.

2.

The rule of law created by *County of Cook* should be overturned for at least two reasons. First, the rule conflicts with binding precedent of this court that the bar of § 1500 applies "only when the suit shall have been commenced in the other court *before* the claim was filed in

---

[4]    *Id.* at 1090-91.

[the Court of Federal Claims]."[5] Prior to *County of Cook*, the Court of Federal Claims was deprived of jurisdiction only when a plaintiff filed claims sequentially, not simultaneously—no cases had been dismissed on the ground that a claim had been filed "simultaneously" with a claim in another court.

Second, in *County of Cook* the court admitted that it was making new law, and based its conclusion on its view of appropriate policy, a view that I believe was mistaken. The court purported to "endeavor to further the established policies of § 1500"—to protect the government from defending two related lawsuits simultaneously.[6] But the policy basis of the decision in *County of Cook* is at best arguable, since it ignores the role of § 1631. The purpose of § 1631 is "to cure want of jurisdiction" and allow unwary litigants who file in the wrong courts to avoid technical obstacles, such as statutes of limitations. Yet in a case like Ms. Griffin's, no court may hear the transferred claim because it was filed first in district court. That would not be the case if Ms. Griffin had filed her EPA claim in the Court of Federal Claims *before* filing her other claim in the district court. Had she followed that path, she would have been permitted to litigate her different claims against the government, each in the court with appropriate jurisdiction. Whatever policy basis § 1500 may once have had, it cannot trump the obvious purpose of Congress to ensure that citizens have access to a proper forum to resolve their disputes with the government.

Congress thus far has not heeded calls for the repeal of § 1500. Unfortunately, *County of Cook* needlessly

---

[5] *Tecon Eng'rs, Inc. v. United States*, 343 F.2d 943, 949 (Ct. Cl. 1965) (emphasis added).
[6] 170 F.3d at 1090.

extended the reach of § 1500 with the effect of further restricting the jurisdiction of the Court of Federal Claims. As a court, we may not be able to undo the basic mischief inherent in § 1500, though the Supreme Court has a case before it that could help,[7] but we need not make matters worse for pleaders who inadvertently fall afoul of the federal jurisdictional maze.  The trial judge expressed at length his concern with our law, but felt compelled to follow it.  It is time for us to correct the problem that we created more than a decade ago.

---

[7]    *See Tohono O'odham Nation v. United States*, 559 F.3d 1284 (Fed. Cir. 2009), *cert. granted*, 130 S. Ct. 2097 (2010).