NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**KATHLYN M. STEIN,**
*Plaintiff-Appellant*

v.

**DUANE B. GILL, DIRECTOR, VA CENTRAL WESTERN MA HEALTH CARE SYSTEM, IN HIS OFFICIAL CAPACITY,**
*Defendant-Appellee*

---

2023-1265

---

Appeal from the United States District Court for the District of Massachusetts in No. 3:18-cv-30201-MGM, Judge Mark G. Mastroianni.

---

Decided: June 9, 2023

---

KATHLYN M. STEIN, Shutesbury, MA, pro se.

STEVEN MICHAEL MAGER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by REGINALD THOMAS BLADES, JR., BRIAN M. BOYNTON, PATRICIA M. MCCARTHY.

---

Before PROST, SCHALL, and HUGHES, *Circuit Judges*.

PER CURIAM.

Kathlyn M. Stein appeals from an order of the U.S. District Court for the District of Massachusetts transferring her Equal Pay Act ("EPA") claim to the U.S. Court of Federal Claims under 28 U.S.C. § 1631.  We affirm.

## BACKGROUND

## I

In December 2018, Ms. Stein filed an EPA claim against her employer, the Department of Veterans Affairs ("VA"),[1] in the U.S. District Court for the District of Massachusetts.  She alleged that the government violated the EPA, 29 U.S.C. § 206(d), by paying her less than male employees doing equal work, and she sought over $10,000 in damages.

The government moved to dismiss Ms. Stein's EPA claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction.[2]  It argued that, per the Tucker Act, 28 U.S.C. § 1491(a)(1), the Court of Federal Claims has exclusive jurisdiction over EPA money-damages claims against the government for over $10,000.[3]  The

---

[1]    Although Ms. Stein's complaint named (as relevant here) the then Director of the VA Central Western Massachusetts Health Care System in his official capacity as the "Defendant Employer," because any distinction is immaterial to our discussion, we refer to the defendant-employer simply as the VA.

[2]    Subsequent references to jurisdiction should be understood as referring to subject-matter jurisdiction.

[3]    The Tucker Act, 28 U.S.C. § 1491(a)(1), is sometimes called the Big Tucker Act.  It has a companion, the Little Tucker Act, which (as relevant here) gives district

government relied on *Abbey v. United States*, 745 F.3d 1363 (Fed. Cir. 2014), to support this argument.

In *Abbey*, government employees sued the government in the Court of Federal Claims seeking money damages for an alleged violation of the Fair Labor Standards Act of 1938 ("FLSA"), of which the EPA is a part. On appeal to this court, the government argued that the Court of Federal Claims lacked jurisdiction. Despite our having long held that the Tucker Act gives the Court of Federal Claims jurisdiction over FLSA money-damages claims against the government (and *exclusive* jurisdiction when the claim exceeds $10,000), it argued that an intervening Supreme Court case, *United States v. Bormes*, 568 U.S. 6 (2012), required concluding that the Tucker Act no longer supplies such jurisdiction. *See Abbey*, 745 F.3d at 1368–69. The *Abbey* court disagreed; it held that, *Bormes* notwithstanding, jurisdiction in the Court of Federal Claims remains proper under the Tucker Act. *Abbey*, 745 F.3d at 1368–72. The government did not seek rehearing in *Abbey*.

In Ms. Stein's case, the Massachusetts district court relied on *Abbey* to conclude that it lacked jurisdiction over her EPA claim. *Stein v. McMahon*, No. 18-30201, 2020 WL 6074157, at *1–2 (D. Mass. Aug. 24, 2020). Instead of dismissing the claim, the district court gave Ms. Stein the opportunity to request that it be transferred to the Court of Federal Claims under 28 U.S.C. § 1631, which allows a court that lacks jurisdiction to transfer a claim to one that has it.[4] When Ms. Stein failed to request a transfer, the

---

courts the same jurisdiction that the Tucker Act gives the Court of Federal Claims, but only over claims not exceeding $10,000. 28 U.S.C. § 1346(a)(2). Unless otherwise specified, subsequent references to the Tucker Act contemplate both the Big and Little versions.

[4]    Although § 1631 references transfer of a "civil action," we have held that it authorizes transfer of individual

court dismissed the EPA claim for lack of jurisdiction. Ms. Stein then appealed to the First Circuit, maintaining that the district court had jurisdiction all along.

## II

While Ms. Stein's appeal was pending before the First Circuit, an unrelated appeal brought by Dr. Rebecca Metzinger was pending before this court. Her case had much in common with Ms. Stein's.

Like Ms. Stein, Dr. Metzinger had filed an EPA claim for over $10,000 against the VA in district court. And, as in Ms. Stein's case, the government moved—successfully, and relying on *Abbey*—to have the district court declare itself without jurisdiction. *See Metzinger v. U.S. Dep't of Veterans Affs.*, No. 19-10614, 2020 WL 13562907, at \*2–3 (E.D. La. May 4, 2020). The district court transferred the claim to the Court of Federal Claims under § 1631, *id.* at \*4, and Dr. Metzinger appealed to this court, maintaining that the district court shouldn't have transferred because it had jurisdiction all along.

Unlike in Ms. Stein's appeal, however, the government in Dr. Metzinger's appeal changed its position before its brief came due. It now agreed that the district court had jurisdiction all along, making the § 1631 transfer to the Court of Federal Claims improper. Resp. Br. for Def.-Appellees at 4–5, *Metzinger v. Dep't of Veterans Affs.*, No. 20-1906 (Fed. Cir. Dec. 7, 2020). It also said that *Abbey* was wrongly decided—that, in light of *Bormes*, the Court of Federal Claims lacks jurisdiction over FLSA or EPA claims against the government. *Id.* at 7, 10–13. Yet, in its brief filed just two months later in Ms. Stein's appeal to the First Circuit, the government stuck to its original position and urged the First Circuit to "follow the reasoning of *Abbey*,

---

claims as well. *United States v. County of Cook*, 170 F.3d 1084, 1087–89 (Fed. Cir. 1999).

and every other court to consider this question, and hold that the Court of Federal Claims has exclusive jurisdiction over [EPA] claims against the federal government in excess of $10,000." Br. for Defs.-Appellees at 18, *Stein v. Collins*, No. 20-1906 (1st Cir. Feb. 8, 2021).

In June 2021, during oral argument in Dr. Metzinger's appeal, we notified government counsel that the government was taking inconsistent positions as between Dr. Metzinger's and Ms. Stein's appeals.[5] After that revelation, the government changed its position in Ms. Stein's appeal to align with the one taken in Dr. Metzinger's appeal, and it notified the First Circuit accordingly. Appellees' Resp. to Appellant's Pet. for Reh'g En Banc at 1–2, 8, *Stein v. Collins*, No. 20-1906 (1st Cir. Aug. 30, 2021). The First Circuit then vacated the Massachusetts district court's dismissal and remanded, observing that the district court "may determine in the first instance whether there is subject-matter jurisdiction to hear [Ms.] Stein's official-capacity EPA claim and may consider the [g]overnment's updated position on the issue when doing so." Judgment at 2, *Stein v. Collins*, No. 20-1906 (1st Cir. Oct. 12, 2021).

In December 2021, we affirmed the district court's § 1631 transfer of Dr. Metzinger's EPA claim to the Court of Federal Claims. *Metzinger v. Dep't of Veterans Affs.*, 20 F.4th 778 (Fed. Cir. 2021). We noted that a § 1631 transfer requires two relevant things: the transferor court (district court) must lack jurisdiction, and the transferee court (Court of Federal Claims) must have it. As to whether the Court of Federal Claims *had* jurisdiction, we noted that *Abbey* unquestionably held that it did. We acknowledged the government's argument that *Abbey* was wrongly decided, but we explained that the argument was

---

[5] Oral Arg. at 15:51–17:00, No. 20-1906, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=20 -1906_06102021.mp3.

misplaced: panels are bound by prior panel decisions of this court unless and until overturned en banc. *Id.* at 781. As to whether the district court *lacked* jurisdiction, that issue was not squarely presented in *Abbey*. The plaintiffs there had filed their complaint in the Court of Federal Claims, so the issue was simply whether that court had jurisdiction. Nevertheless, we concluded in *Metzinger* that, under *Abbey*'s reasoning, the Tucker Act provides the *only* basis for jurisdiction over EPA money-damages claims against the government—meaning that district courts lack jurisdiction over such claims exceeding $10,000. *Id.* at 784; *see also supra* note 3. We therefore affirmed the transfer. The government did not seek rehearing in *Metzinger*.

## III

After the First Circuit's remand to the Massachusetts district court in Ms. Stein's case, the government again moved to dismiss her EPA claim—not for jurisdictional reasons this time, but for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Ms. Stein opposed.

In July 2022, the district court again concluded that it lacked jurisdiction over Ms. Stein's EPA claim. Although neither party's brief discussed the jurisdictional issue, the district court correctly observed that it had an independent duty to confirm for itself its own jurisdiction. *See Stein v. Gill*, No. 18-30201, 2022 WL 2980680, at *1–2 (D. Mass. July 1, 2022). In discharging that duty, the district court again relied on *Abbey* (and now *Metzinger* as well) to support its conclusion that it lacked jurisdiction. *Id.* The district court stated in the alternative that, even if it had jurisdiction, it would dismiss the claim as inadequately pleaded under Rule 12(b)(6). *Id.* at *2.

The district court initially dismissed the claim for lack of jurisdiction. But, after receiving and construing a request from Ms. Stein, it ordered the claim transferred instead to the Court of Federal Claims under § 1631.

Ms. Stein initially appealed the district court's transfer order to the First Circuit. *See* Appx. 63.[6] The First Circuit, however, noted that this court has exclusive jurisdiction over this appeal from an interlocutory § 1631 transfer order to the Court of Federal Claims. Appx. 63 (citing 28 U.S.C. § 1292(d)(4)(A)); *see also* Appx. 65–66. It therefore transferred Ms. Stein's appeal to this court under § 1631. Appx. 65–66.

We have exclusive jurisdiction over this appeal from the district court's transfer order. 28 U.S.C. § 1292(d)(4)(A).

### DISCUSSION

Both parties challenge the jurisdictional conclusions underpinning the district court's transfer order. *E.g.*, Appellant's Informal Br. 2; Appellee's Br. 8–9. We review these conclusions de novo. *Metzinger*, 20 F.4th at 780–81.

The parties argue that, in light of the Supreme Court's decision in *Bormes*, the district court has jurisdiction over Ms. Stein's EPA claim and the Court of Federal Claims does not. But our precedent in *Abbey* and *Metzinger* plainly forecloses these arguments. The parties do not suggest otherwise. Instead, they (particularly the government) dedicate many pages of briefing to explaining why they think *Abbey* and *Metzinger* were wrongly decided. *E.g.*, Appellee's Br. 15–27. Nowhere among the parties' briefing, however, do they acknowledge that we, as a panel, "are bound by prior panel decisions of this court unless and until overturned en banc." *Metzinger*, 20 F.4th at 781 (citing *Newell Cos. v. Kenney Mfg. Co.*, 864 F.2d 757, 765 (Fed. Cir. 1988)). Because these decisions bind us, we must reject the parties' challenges to the jurisdictional conclusions underpinning the district court's transfer order. And, having

---

[6] "Appx." refers to the appendix included with the government's brief.

STEIN v. GILL

been presented no other valid reason to disturb that order, we affirm it.

The parties also address the implications of the district court's alternative conclusion that, if it had jurisdiction, it would dismiss the EPA claim under Rule 12(b)(6) as being inadequately pleaded. Ms. Stein asks us to vacate this aspect of the district court's decision if we conclude that the district court lacked jurisdiction. *See* Appellant's Informal Br. 3. Setting aside our authority to do so, we deem such action unnecessary. As the government notes, this aspect of the district court's decision "would have no legal effect and could not bind the Court of Federal Claims in any transferred matter" if we conclude—as we have—that the district court lacked jurisdiction. Appellee's Br. 29 (cleaned up).

## CONCLUSION

We have considered the parties' remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**

### COSTS

No costs.